# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID ROBIN WHITMORE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>JUSTIN JONES, Director of the Oklahoma )<br>Department of Corrections, )<br>)<br>Respondent. ) | Case No. CIV-10-1346-M |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. Chief United States District Judge Vicki Miles-LaGrange has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). A response to the petition has been filed, to which Petitioner has replied, and thus, the matter is at issue. For the following reasons, it is recommended that the petition be denied.

## I. BACKGROUND

By this action, Petitioner attacks a prison disciplinary conviction for menacing. Response, 2; Reply, 2. According to the offense report, Petitioner approached the pill call window at Lawton Correctional Facility on August 28, 2009, and asked the medical assistant on duty, Susan Lantosh, whether his medication was still discontinued. Response, Ex. 2, at 1, 9. Petitioner then began to yell at Ms. Lantosh, saying that she was a "bitch" and "that's bullshit," and he then threatened to "get some Lawton girls to kick her ass." Response, Ex.

2, at 1, 4, 9. James Duncan, a correctional officer at Lawton Correctional Facility, witnessed the confrontation, and he completed a witness statement on September 4, 2009, confirming much of Ms. Lantosh's version of the events. Response, Ex. 2, at 4. A disciplinary hearing was held on September 29, 2009, at which Petitioner was found guilty, and he received thirty days disciplinary segregation, loss of 365 days of earned credits, and a decrease in classification to level one for ninety days. Response, Ex. 2, at 9. Petitioner appealed this finding to the facility head, who affirmed the offense conviction. Response, Ex. 3, at 1-3. Petitioner then appealed to the administrative review authority, who concurred with the facility head and affirmed. Response, Ex. 3, at 4-6. Petitioner then filed a petition for judicial review in the District Court of Oklahoma County. Response, Ex. 6. The state district court denied the petition, and the Oklahoma Court of Criminal Appeals affirmed. Response, Exs. 5, 7-8.

## II. DISCUSSION

Petitioner raises two grounds for relief. First, he claims that he was deprived of his due process rights when the investigators and disciplinary hearing officer failed to obtain a true witness statement. Petition, 5. Petitioner alleges that Officer Duncan issued an inaccurate statement regarding Petitioner's confrontation with Ms. Lantosh. Petition, 5. Petitioner claims that when he confronted Officer Duncan with the witness statement, Officer Duncan admitted that "he should have done it better," and agreed to give Petitioner a new statement. Petition, 5. Petitioner contends however that Officer Duncan's senior officer informed Officer Duncan that he was not allowed to give statements to inmates. Petition, 5.

2

Petitioner alleges that Officer Duncan nevertheless wrote a new statement but that when Officer Duncan attempted to give his new statement to Investigators Brandy Kirkpatrick and Peggy Haung, they would not allow him to change his statement because it would not alter the outcome of the disciplinary action. Petition, 5.

In Ground Two, Petitioner argues that there was no evidence to support the disciplinary hearing officer's finding of guilt. Petition, 6. Petitioner claims that the evidence used to convict him at the disciplinary hearing was not truthful and that prison staff lied and were "covering for each other." Petition, 6. Petitioner also faults the state courts for considering evidence that Respondent submitted after the fact while failing to consider any evidence he submitted. Petition, 6.

In response, Respondent argues that Petitioner received due process at the disciplinary hearing. Response, 5. Respondent alleges that the disciplinary hearing complied with the constitutional standards as Petitioner received advanced written notice of the hearing, he had an opportunity to call witnesses and present documentary evidence, and the fact finder issued a written statement explaining his conclusions. Response, 8-9. Respondent also contends that prior to the disciplinary hearing, Petitioner never requested that Officer Duncan be allowed to present a new witness statement and that only after the hearing did Petitioner challenge that statement's validity. Response, 9. Respondent further argues that Petitioner's claims are without merit because Officer Duncan stated that had he been allowed to issue a new witness statement, his statement would have remained unchanged. Response, 9. Finally, Respondent contends that the Oklahoma Department of Corrections' (ODOC)

disciplinary procedures do not confer any additional rights on Petitioner beyond those authorized by statute or the Constitution. Response, 10-13.

In Oklahoma, state law creates a liberty interest in earned credits. See Okla. Stat. tit. 57, § 138(A); see also Waldon v. Evans, 861 P.2d 311, 313 (Okla. Crim. App. 1993) ("[T]he State has created a liberty interest in earned credits . . . ."). As a result, inmates who earn sentence credits are entitled to due process protection before such credits may be taken away. Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996) (inmate's liberty interest in earned credits cannot be denied without minimal safeguards afforded by Fourteenth Amendment's Due Process Clause). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To meet the due process standard in an institutional disciplinary proceeding, an inmate must receive (1) advance written notice of the disciplinary charge; (2) an opportunity, consistent with the institutional safety and correctional goals, to present witnesses and documentary evidence; and (3) a written statement of the evidence relied on and the reasons for any disciplinary action. Superintendent v. Hill, 472 U.S. 445, 454 (1985). If these requirements are met, and there is "some evidence" to support the decision, then procedural due process has been provided. Hill, 472 U.S. at 454. The decision can be upheld even if there is only "meager" evidence supporting the decision. Hill, 472 U.S. at 457; Mitchell, 80 F.3d at 1445. "Ascertaining whether this [Hill] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead,

the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. Hill, 472 U.S. at 455-56.

Petitioner does not allege that he did not receive advance written notice of the disciplinary charge or that the prison failed to prepare a written statement regarding the evidence relied on and their reasons for disciplining him. Instead, in his Ground One claim, Petitioner alleges that he was not allowed to present witnesses and documentary evidence when the disciplinary hearing officer refused to accept the new witness statement from Officer Duncan. See Reply, 4-5. While the investigators' report indicates that Petitioner did not wish to present any witnesses or documentary evidence at the disciplinary hearing, Response, Ex. 2, at 2, Petitioner argues that this statement is not true. Reply, 4. Petitioner claims that he told the investigators that he would like to call Officer Duncan as a witness and that they instructed him to obtain a witness statement from Officer Duncan and bring it to the hearing. Reply, 4. As stated above, Petitioner claims that the investigators and hearing officer then refused to accept the new statement from Officer Duncan. Reply, 5.

Even assuming Petitioner's version of events is correct, habeas relief is not warranted here. A prisoner cannot maintain a due process claim for failure to permit witness testimony if he fails to show that the testimony "would have affected the outcome of his case." Chesson v. Jaquez, 986 F.2d 363, 366 (10th Cir.1993). In an affidavit attached to the response, Officer Duncan stated that the statement he provided to the investigators was true and accurate and that he was informed that he did not need to provide another statement given that his original statement was true and accurate. Response, Ex. 4, at 1. He also stated that

5

had he authored a new statement, that statement would not have changed. Response, Ex. 4, at 1. Thus, even if Petitioner had been allowed to submit Officer Duncan's new statement, the outcome at the disciplinary hearing would not have been altered. Therefore, Petitioner's due process rights were not violated when the disciplinary hearing officer refused to accept Officer Duncan's new witness statement.

Similarly, Petitioner's claim that the evidence submitted at his disciplinary hearing was insufficient to find him guilty of menacing does not warrant habeas relief. Petitioner's only support in favor of this claim is that the evidence submitted by staff members at the disciplinary hearing was not truthful and that staff members were lying to cover for each other. Nothing in the record shows that the above-mentioned staff members had any motive to, or did in fact, prevaricate. Additionally, given that federal courts on habeas review may not independently assess the credibility of witnesses or weigh the evidence, it seems unlikely that federal courts could grant habeas relief based on a petitioner's claims of witness prevarication or fabrication of evidence. Cf. Whitmore v. Kaiser, No. 99-6015, 1999 WL 288498, at *2 (10th Cir. May 10, 1999) (evaluating habeas claims, including claims that prison staff members lied in accusing prisoner and in sworn affidavit, for whether the procedural safeguards in Hill were met); Jackson v. Warden, No. 96-1222, 1997 WL 158136, at *2 (10th Cir. Apr. 2, 1997) (same).[1]

Finally, Petitioner's claim that the state courts erred in considering evidence that

---

[1]These unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Respondent submitted after the fact while failing to consider his evidence also does not warrant habeas relief. In his reply, Petitioner elaborates that the state courts erred in crediting statements made in affidavits which were completed after the disciplinary hearing and were submitted to the state courts on habeas review. Reply, 5-6. Petitioner misunderstands this Court's role in a habeas action under § 2241. Federal courts do not sit as "super-appellate" courts to reconsider state court decisions. Harris v. Department of Corrections, 426 F. Supp. 350, 351 (W.D. Okla. 1977) (federal court does not "serve as an appellate or reviewing court for alleged illegal actions in state court"); Robinson v. State of Oklahoma, 404 F. Supp. 1168, 1170 (W.D. Okla. 1975) ("Habeas corpus in the federal court does not serve as an additional appeal from state court conviction."). Instead, federal habeas relief is only available if the revocation of earned credits was done "in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3). It is certainly not a violation of the Constitution, laws, or treaties of the United States for a court on habeas review to credit affidavits submitted to that court, and Petitioner should have known this since the Tenth Circuit rejected a similar argument by Petitioner over ten years ago. Whitmore, 1999 WL 288498, at *2. Accordingly, the undersigned finds that habeas relief is not warranted and that the petition should be denied.

## **RECOMMENDATION**

In light of the foregoing, the undersigned recommends that Petitioner's petition for a writ of habeas corpus be denied. The undersigned also recommends that Petitioner's motion to stay proceedings [Doc. No. 25] be denied. Petitioner is advised of the right to

object to this Report and Recommendation by September 6, 2011, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72, by filing objections with the Clerk of Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all matters referred to the undersigned Magistrate Judge.

**ENTERED THIS 16th day of August, 2011.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE